IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES C. JONES                                                                            PLAINTIFF

v.                                                                                 No. 3:11CV89-M-S

JANET SMITH, ET AL.                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of James C. Jones, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Jones alleges that, as an inmate confined in "pre-segregation," he gets recreation only five days per week, showers only three days per week, no recreation or showers on the weekends, and no hot water in his cell (for a reasonable substitute for showering). Jones alleges that these deprivations rise to the level of a violation of the Eighth Amendment prohibition against cruel and unusual punishment. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**General Conditions**

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials are required under the Eighth Amendment, to provide prisoners with "humane conditions of confinement," including "adequate

food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). After reviewing of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court holds that Jones' claims do not rise to the level of a constitutional violation. The court can see no harm in restricting recreation to five days per week – and showers to three. Indeed, Jones has alleged no harm at all. As to the claim that hot water is unavailable in the plaintiff's cell, nothing prevents him from washing himself with cold or room-temperature water. As such, the plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Therefore, the present case will be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 2nd day of August, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**